IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

ELECTRONICALLY FILED
Jun 05 2019
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| DYLAN RIGGLEMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>VALLEY HEALTH URGENT CARE AND DAVID BOWERS,<br><br>*Defendants*. | Civil Action No. 3:19-CV-95 (Groh)<br><br>Removed from Circuit Court of Berkeley County, West Virginia:<br>Civil Action No. 18-C-204 |

# NOTICE OF REMOVAL

The Defendant, Valley Regional Enterprises, Inc. d/b/a Valley Regional Enterprises ("Valley Health"), by counsel, hereby gives notice of its removal of the above-captioned civil action now pending in the Circuit Court of Berkeley County, West Virginia, styled as *Dylan Riggleman v. Valley Health Urgent Care and David Bowers,* Civil Action No. 18-C-204 (the "State Court Action") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon diversity jurisdiction. In support, Defendant states the following:

## BACKGROUND AND TIMELINESS

1. On June 27, 2018, Dylan Riggleman ("Plaintiff") filed Civil Action No. 18-C-204 in the Circuit Court of Berkeley County, West Virginia, against "Defendants Valley Health Urgent Care and David Bowers." *See* Certified Docket, attached as *Exhibit A*.

2. On September 19, 2018, Plaintiff filed an Amended Complaint naming the same Defendants. *See* Amended Complaint, attached as *Exhibit B*.

3. Although Plaintiff demanded lost wages, emotional damages, all damages allowed by statute, including costs and attorney's fees, and punitive damages in his Amended Complaint, no specific dollar amount is included.

4. Prior to May 16, 2019, Plaintiff made no settlement demand or otherwise indicated the value of his claims.  *See* Affidavit of Charles F. Printz, Jr, attached as **Exhibit C**.

5. On May 16, 2019, counsel for Plaintiff faxed a letter to the undersigned advising, "[i]n an effort to resolve Mr. Riggleman's case, please be advised that we value this cases [sic] in excess of $150,000.00 in damages. . . . Since the Human Rights Act is a fee shifting statute, Mr. Riggleman requests that Defendants pay his reasonable attorney fees."  Pursuant to 28 U.S.C. § 1446(b)(a), a true and correct copy of the aforementioned letter is attached as **Exhibit D**.

6. The Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) because it has been filed within 30 days from Defendant's receipt of an "other paper" from which it was first ascertained that this cases is removable.

## BASIS FOR DIVERSITY JURISDICTION

7. This Court has original jurisdiction of the instant action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441 because (1) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (2) there is complete diversity of citizenship between Plaintiff and the non-fraudulently-joined Defendant, Valley Regional Enterprises.[1]

## AMOUNT IN CONTROVERSY

8. Section 1332(a) requires the amount in controversy in diversity actions to exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  To demonstrate that the

---

[1] Valley Health has simultaneously filed a Motion to Dismiss David Bowers as a fraudulently joined party.

jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W.Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

9. "Pursuant to 28 U.S.C. § 1446(b)(3), 'if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable.' The term 'other paper' includes settlement offers. *Wyatt v. Capital One Bank (USA), N.A.*, No. 5:14CV55, 2015 WL 105965, at *2 (N.D. W. Va. Jan. 7, 2015) (quoting *Tolley v. Monsanto Co.,* 591 F.Supp.2d 837, 845 (S.D. W. Va. 2008)).

10. In a detailed analysis of whether a settlement demand establishes amount in controversy for diversity jurisdiction, U.S. District Judge Goodwin explained why it does: "The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va. 2011).

11. The *Scaralto* Court based its reasoning, in part, on the observation that "courts consistently hold that when the amount stated in the *ad damnum* clause is more than $75,000, the defendant has met its burden of proving the amount in controversy unless it is a legal certainty that the plaintiff cannot recover over the jurisdictional minimum." *Id.* at 964 (citing 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2009).

12. In *Smithers v. Smith*, the Supreme Court of the United States stated that "[o]rdinarily the plaintiff's <u>claim</u> with respect to the value of the property taken from him or the amount of damages incurred by him through the defendants' wrongful act <u>measures</u>, for jurisdictional purposes, <u>the value of the amount in controversy</u> . . . unless, upon inspection, it appears that, as a matter of law, it is not possible for the plaintiff to recover the jurisdictional amount." 204 U.S. 632, 642 (1907) (emphasis added).

13. The *Scaralto* Court also cited the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, where Judge Easterbrook explained why a plaintiff's mere <u>claim</u> establishes the amount in controversy:

> The district judge thought that a removing litigant must produce evidence that a favorable judgment will award Plaintiff more than the jurisdictional minimum . . . . Yet suits are removed on the pleadings, long before "evidence" or "proof" have been adduced. The question is not what damages the plaintiff will recover, but what amount is "in controversy" between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal. Once the proponent of jurisdiction has set out the amount in controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction. This standard applies to removed cases no less than to those filed initially in federal court.

427 F.3d 446, 448 (7th Cir. 2005) (internal quotations and punctuation omitted).

14. In *Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, the District Court denied plaintiff's motion to remand, finding the amount in controversy was established where plaintiff made a demand for $150,000. 303 F. Supp. 2d 797 (S.D. W. Va. 2004). The *Campbell* Court noted that it was "significant Campbell demanded double the jurisdictional amount." *Id.* at 799.

15. The *Campbell* Court further explained why demand letters serve as an adequate basis for amount in controversy:

4

> One of the primary functions of a demand letter is to convey to the defending party one's estimation of the value of the case. It is true many plaintiffs will "open high," on the assumption the negotiation process will whittle the initially requested sum to some degree. It is also true, however, an initial demand might actually be somewhat below the case's real value when an injured plaintiff is seeking an expeditious recovery without the time and expense further litigation and a jury trial might entail.

*Id.*

16. The amount in controversy in this case exceeds $75,000. Plaintiff has demanded double the jurisdictional requirement plus attorney's fees. Furthermore, Plaintiff alleges that Valley Health owes him *inter alia* lost wages, emotional damages, and punitive damages for its alleged harassment, discrimination, and degradation of Plaintiff in violation of the West Virginia Human Rights Act. *See* Ex. B at ¶¶ 13, 15, & 18.

17. Accordingly, the amount in controversy exceeds the jurisdictional threshold provided in 28 U.S.C. §§ 1332, 1441.

## DIVERSITY OF CITIZENSHIP

18. Plaintiff, Dylan Riggleman, is a citizen and resident of West Virginia. *See* Ex. B at ¶ 1.

19. Defendant Valley Regional Enterprises, Inc. d/b/a Valley Regional Enterprises is not a citizen of the State of West Virginia for jurisdiction purposes. Valley Regional Enterprises is a Virginia corporation with its principal place of business in the Commonwealth of Virginia, at 220 Campus Blvd., Suite 420, Winchester, VA 22601. *See* Declaration of Valley Regional Enterprises, Inc., attached as **Exhibit E**.

20. Defendant Bowers is a citizen and resident of Morgan County, West Virginia; however, because Defendant Bowers is a fraudulently joined Defendant, the Court

should not consider him for purposes of determining diversity jurisdiction. *See* Declaration of David Bowers, attached as **Exhibit F**.

21. [W]hen a defendant removes a case that, on its face, does not present complete diversity, courts are permitted to utilize the doctrine of fraudulent joinder to examine the record in more depth to determine whether the non-diverse parties are real parties in interest to the action. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Under the doctrine of fraudulent joinder, a defendant may remove a case on the basis of diversity jurisdiction even if a non-diverse defendant is a party to the case, so long as the removing party can prove that the non-diverse defendant was fraudulently joined to the action. *Id.* Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."

*Fischer v. State Farm Mut. Auto. Ins. Co., Inc.*, No. 5:18CV167, 2019 WL 384002, at *3 (N.D. W. Va. Jan. 30, 2019).

22. Valley Health has contemporaneously filed a Motion to Dismiss David Bower as a fraudulently joined party against whom no claim can possibly be made under the Plaintiff's Amended Complaint.

23. There is diversity of jurisdiction between Plaintiff, a West Virginia citizen, and Defendant Valley Health, a citizen of Virginia.

24. Complete diversity exists between the parties. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441.

## CONCLUSION

25. Defendants remove this case to Federal Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Valley Health, and the amount in controversy exceeds $75,000. Therefore, this case is properly removable.

## JURISDICTION / VENUE

26. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. Venue is proper in this District because the Northern District embraces the Circuit Court of Berkeley County, West Virginia.

## NOTICE TO STATE COURT AND PLAINTIFF

28. Defendants will provide written notice of the filing of this *Notice of Removal* to Plaintiff promptly after filing the same as required by 28 U.S.C. § 1446.

29. Defendants have served a true and correct copy of this *Notice of Removal* with the Circuit Court of Berkeley County, West Virginia as required by 28 U.S.C. § 1446.

30. Defendants have provided the required filing fee of four hundred dollars ($400.00) to the Clerk of the United States District Court for the Northern District of West Virginia with this Notice of Removal.

WHEREFORE, Defendant Valley Health respectfully requests that the entire action be removed from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia as provided by law.

DATED the 5th day of June 2019.

**VALLEY REGIONAL ENTERPRISES, INC.**
**Defendant by Counsel**


 /s/ Charles F. Printz, Jr.
Charles F. Printz, Jr., Esq. (WVSB #2985)
Bowles Rice LLP
Post Office Drawer 1419
Martinsburg, West Virginia  25402-1419
Telephone: (304) 264-4222
E-mail :  cprintz@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| DYLAN RIGGLEMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>VALLEY HEALTH URGENT CARE AND DAVID BOWERS,<br><br>*Defendants*. | Civil Action No. 3:19-CV-95 (Groh)<br><br>Removed from Circuit Court of Berkeley County, West Virginia: Civil Action No. 18-C-204 |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the District Court using the CM/ECF System and the Clerk of the Circuit Court using the West Virginia E-Filing System, both of which will send notification of such filing to counsel of record listed below, and by depositing a true and accurate copy in the United States Mail, first class, postage pre-paid, addressed to:

> Harley O. Staggers, Esquire
> Staggers & Staggers
> Post Office Box 876
> 190 Center Street
> Keyser, West Virginia 26726

on the 5th day of June 2019.

　　　　　　　　　　　　　　　　　　　　　/s/ Charles F. Printz, Jr.
　　　　　　　　　　　　　　　　　　　　　Charles F. Printz, Jr.

10995040.1